**Dated: July 01, 2005**
**The following is ORDERED:**



*Tom R. Cornish*
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 04-73992 |
| CHARLES DANIEL PIPPIN AKA | ) | |
| DANNY PIPPIN, | ) | |
| Debtor. | ) | |
| | ) | Chapter 13 |

### ORDER GRANTING MOTION TO ABSTAIN

Under advisement is a motion to abstain involving the validity of a mortgage which is an asset of the Chapter 13 bankruptcy estate.

### Statement of the Facts

On November 20th, 1997, Charles Daniel Pippin (debtor) and his wife, Monica Pippin, executed a Promissory Note in the amount of $28,000.00 with the predecessor of Challenge Realty (creditor). This note was secured by a second mortgage on the debtor's property. The creditor assumed the mortgage as a result of an assignment in August of 2003.

Debtor filed a previous bankruptcy petition as a Chapter 7 proceeding on April 13, 2000. In that petition, the debtor listed the mortgage in question as a secured debt. The Chapter 7 case was discharged on July 28, 2000.

The creditor proceeded to foreclose on the property when the debtor became delinquent on payments. The foreclosure was stayed by the filing of the Chapter 13 Bankruptcy petition. The debtor's Chapter 13 plan does not include the Creditor's claim. The debtor claims that his former wife obtained the mortgage by forgery and therefore nothing is owed to the creditor. The confirmation of the Chapter 13 plan is dependant upon the resolution of the validity of the mortgage.

## Discussion

Under 28 U.S.C. §1334, there are two kinds of abstention, mandatory and permissive. Part (c) (2) of the statute allows for mandatory abstention by stating:

> "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction".

The creditor concedes that this is a core proceeding and did not seek a mandatory abstention. However, Part (c)(1) of the statute allows for permissive abstention by providing that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11".

2

In order for the doctrine of abstention to apply, the court must first determine that the issue is one arising under, arising in, or related to a case under title 11. "Arising under" has been defined to mean those causes of action created by title 11. *New England Power & Marine, Inc. v. Town of Tyngsborough* (*In re Middlesex Power Equipment & Marine, Inc.*), 292 F.3d 61, 68 (1st Cir. 2002). "Arising in" are those that are not created by title 11 but would not exist outside of a bankruptcy proceeding. *Id.* "Related to" are those proceedings that have a substantial effect on the bankruptcy proceedings. *Id.* The issue before this court involves the validity of a mortgage which has a direct effect on the Chapter 13 plan and impacts the viability of a secured claim. Therefore, this issue can be deemed as one either arising under, in, or related to the bankruptcy proceeding.

The courts in the Tenth Circuit have looked to several factors in making this determination such as the effect on the efficient administration of the estate, whether there is already a proceeding existing in state court or nonbankruptcy court, the extent to which state law predominates, the bankruptcy court's docket, and the ability of the state court to resolve the matter promptly. *Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 618 (N.D. Okla. 2000). While some courts perceive permissive abstention as a very broad power of the court, others have determined that federal courts should exercise their jurisdiction if properly conferred and that abstention is the exception rather than the rule. *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). Also, the mere presence of state law issues are not enough to warrant abstention because virtually all issues that arise in the context of a bankruptcy case involves state law at least to some degree. *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc.(In re Republic Reader's Serv, Inc.)*, 81 B.R. 422 (Bankr.S.D.Tex. 1987).

3

Permissive abstention should be granted when the validity of a contract, such as a mortgage, can be resolved by state law under the jurisdiction of a state court. Furthermore, when a proceeding already is ongoing in state court, it appears that the matter might be resolved more promptly in the state court rather than in the bankruptcy court. Also, the state court's determination can be narrowly tailored to the issue of the validity of the mortgage and would not involve the entire estate. The decision to abstain would not interfere with the efficient administration of the bankrupt estate.

In *In re Republic Reader's Serv. v. Magazine Serv. Bureau*, the court affirmed a bankruptcy court's decision to abstain from ruling on an issue arising under a bankruptcy proceeding. 81 B.R. 422. In that case, the debtor filed a counterclaim accusing the creditor of breach of contract, fraud, and tortious interference with contractual relations. The court held that permissive abstention on behalf of the bankruptcy court was proper. *Id.* at 430. The court found that the issues being alleged were contract issues founded in state law and belonged in a forum other than bankruptcy court. *Id.* The court also found that a court proceeding already existed in a federal district court, therefore it would save both time and money to have the issue resolved there. Also, the court determined that having the matter ruled upon in federal district court would not interfere with the administration of the estate because the claim could be litigated in the separate court but enforcement would come from the bankruptcy court. *Id.*

Although *In Re Republic Reader* was resolved in the Southern District of Texas, it is still persuasive because that court followed the same criteria in deciding whether or not to grant permissive abstention as courts in the Tenth Circuit have held. Like in *In re Republic Reader's Service*, the creditor in our case asserts that there is currently a state court proceeding in progress in regard to this issue. Also, just as the issue in *In re*

4

*Republic Reader's Service* involved state law, the validity of a mortgage and allegations of forgery are predominated by state law. Additionally, just as the court in *In re Republic Reader's Service* narrowly instructed the alternate court as to what it was supposed to rule on, this court can do the same as to not effect the efficient administration of the estate.

The debtor's arguments that the validity of the mortgage should be decided in the bankruptcy court because it is a core issue and related to the bankruptcy estate are not persuasive. The whole point of permissive abstention as provided for under 28 U.S.C.S. §1334 (c)(1) is to give the bankruptcy court discretion in abstaining from issues that may be core or related to the bankrupt estate. Permissive Abstention is available for both core and non core issues because it applies to cases "arising in" , "arising under" and "related to" the bankruptcy proceeding.

In conclusion, this court should abstain from hearing the issue of the validity of the mortgage. Although this is a core proceeding and certainly related to the bankrupt estate due to the fact that the plan cannot be confirmed before this matter is settled, 28 U.S.C.S. §1334 (c)(1) gives the bankruptcy court broad discretion in permissively abstaining. Case law, both within the Tenth Circuit and throughout the country, suggests that this situation satisfies many of the factors used in making this determination. The validity of a mortgage involves state law and is usually resolved in state court. The state court may have better resources and more expertise in the area of contract law. Also, allowing the state court to decide this issue will not effect the efficient administration of the estate for the following two reasons. First, a state court proceeding already exists and may be capable of resolving the validity of the mortgage much faster than this court. It would be both costly and time consuming to start the process over in this court. Second, the bankruptcy court can narrowly tailor exactly what the state court is to decide while

5

Case 04-73992    Doc 67    Filed 07/01/05    Entered 07/01/05 11:54:44    Desc Main
Document      Page 5 of 6

reserving the right to decide the ramifications on the bankrupt estate and other creditors. For the above reasons, permissive abstention is warranted in this case.

IT IS THEREFORE ORDERED that the Motion for Abstention, filed by Challenge Realty, Inc., is **granted**. The State Court or a jury can determine whether the Debtor executed the note and mortgage, including but not limited to, priority of mortgage holders, and fees and costs.

IT IS FURTHER ORDERED that the Motion for Relief From Automatic Stay and Co-Debtor Stay, filed by Challenge Realty, Inc., previously taken under advisement is **granted**.

IT IS FURTHER ORDERED that Adversary Proceeding Pippin v. Challenge Realty, Inc., No. 05-7021, is dismissed without prejudice.

IT IS FURTHER ORDERED that the Debtor shall file an Amended Plan within thirty (30) days from the entry of this order.

###